IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date: 2024.10.16 12:02:42 -04'00'

UNITED STATES OF AMERICA,

v.

MAM CONSTRUCTION, INC.
Defendant.

CRIMINAL NO. 23-423 (RAM)



## PLEA AGREEMENT

The United States of America, Defendant MAM Construction, Inc. and his counsel, Leonardo Aldridge, Esq., pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B), state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

### 1. Charges to which Defendant will Plead Guilty

Defendant agrees to plead guilty to Count One of the Indictment which alleges wire fraud in violation of 18 U.S.C. § 1343.

### 2. Maximum Penalties

The maximum statutory penalty for the offense charged in Count One is a fine not to exceed $500,000 pursuant to 18 U.S.C. § 3571(c)(3); a term of probation of up to five years pursuant to 18 U.S.C. § 3561; and special monetary assessment of $400 pursuant to 18 U.S.C. § 3013(a)(2)(B)

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of four hundred dollars ($400.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(B).

### 5. Fines and Restitution

The Court may, pursuant to Section 8C3.1 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500), and agrees to pay $194,786.46 in restitution, and any other amount of restitution that may due legally due to unidentified victims. Restitution shall be payable jointly and severally with Miguel Merced-Torres. The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

Defendant agrees not to sell, transfer, loan, assign, dispose, remove, conceal, waste, encumber, destroy, or otherwise devalue any property or asset worth more than $5,000 before sentencing and before satisfaction of any fine or restitution

imposed, without the prior written approval of the United States. Defendant agrees to notify the United States in writing of any interest in any property or asset which is valued at more than $5,000 that the defendant may obtain, directly or indirectly, after execution of the Plea Agreement until the fine or restitution is paid in full. Defendant understands and agrees that defendant's failure to comply with this provision of the Plea Agreement shall be considered a material breach of the Plea Agreement.

Defendant further agrees not to open any new lines of credit without first seeking the approval of the Court.

## 6. Sentence to be A Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make, and has not made, any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

Upon consideration  of the 18 U.S.C. § 3553(a) factors, the United States and Defendant submit that the advisory Guidelines provisions listed below apply to Defendant pursuant to U.S.S.G.§8A1.1.  However, Defendant acknowledges that the Court is not required to accept these recommended Guidelines provisions.

| SENTENCING GUIDELINES FOR ORGANIZATIONS COUNT ONE– 18 U.S.C. § 1343 |
| --- |
| U.S.S.G. § 8B1.1(a)(1): Entry of a restitution order for the full amount of the victim's loss (See para. 5) |
| U.S.S.G. § 8C2.4(d): Base Fine amount of $600,000 based on TOL 18 |
| U.S.S.G. § 8C2.2(b): Reduction in fine pursuant to U.S.S.G. § 8C3.3(a) as unlikely to pay fine and to permit payment of restitution |
| U.S.S.G. § 8D1.2: Imposition of probation from 1-5 years |

## 8. Sentence Recommendation

Having considered the applicable sentencing guidelines and the sentencing factors enumerated in 18 U.S.C. § 3553(a), the parties agree that at sentencing, the the parties will recommend that no fine be imposed, but will request that the Court impose restitution in accordance with what is stated in Paragraph 5 of this Plea Agreement, and a term of probation to be determined by the Court.

## 9. No Stipulation as to Criminal History Category

The parties make no stipulation as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the Court imposes no fine, it waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to any term of probation, restitution, fines, and forfeiture.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no adjustments or departures to Defendant's total adjusted offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Leonardo Aldridge, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial would be conducted by a judge sitting without a jury if Defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant.  It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel.  The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

17. **Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

18. **Dismissal of Remaining Counts**

At sentencing, the United States will move to dismiss all remaining counts pending against Defendant in this case.

19. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

20. **Breach and Waiver**

Defendant agrees that he will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill

completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw his guilty plea.  In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.  Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, he is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**INTENTIONALLY LEFT BLANK**

W. STEPHEN MULDROW
United States Attorney

Seth A. Erbe
Assistant United States Attorney
Chief, Financial Fraud/Public Corruption
Dated: 10/1/24

Timothy        Henwood
Assistant United States Attorney
Chief,        Criminal        Division
Dated: 10-1-24

Leonardo Aldridge, Esq.
Attorney for Defendant
Dated: 10-16-2024

MAM Construction, Inc. by Miguel Mercado President
Defendant
Executed by:
Dated: 10-16-2024

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney, who has had it translated to me into the Spanish. I fully understand this agreement and voluntarily agree to it.

Date: __10-16-2024__     _____
　　　　　　　　　　　　　　MAM Construction, Inc.
　　　　　　　　　　　　　　Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have had this Plea Agreement translated and explained in the Spanish and Portuguese languages to the Defendant, to the extent necessary. Defendant has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: __10-16-2024__     _____
　　　　　　　　　　　　　　Leonardo Aldrige, Esq.
　　　　　　　　　　　　　　Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, MAM Construction, Inc., admits that the following is an accurate summary, and not an exhaustive account, of the facts the United States would have proven beyond a reasonable doubt had this matter proceeded to trial.

Defendant MAM Construction, Inc. ("MAM") was a corporation formed under the laws of the Commonwealth of Puerto Rico on or about July 23, 2020. Defendant Miguel A. Merced-Torres was the resident agent, president, treasurer, and incorporator of MAM. Defendants Miguel A. Merced-Torres and MAM operated a commercial bank account at FirstBank Puerto Rico (FirstBank) ending in XXXX5313. Miguel A. Merced-Torres also maintained two personal bank accounts at FirstBank ending in XXXX5529 and XXXX9081.

The Federal Communications Commission ("FCC") was a U.S. government agency that was responsible for regulating interstate and international communications by radio, television, wire, satellite, and cable in all 50 states, the District of Columbia, Puerto Rico, and U.S. territories.

Cellular towers were structures on which antennae were generally placed. Cellular towers served, among other things, to facilitate the connectivity of mobile devices to the internet and to facilitate text and verbal communications between users of these devices. The FCC has never managed cellular towers, paid private citizens to manage and administer cellular towers, or issued licenses to private individuals to construct cellular towers. The FCC did provide FCC Registration Numbers (FRN)

and Antenna Structure Registration (ASR) application numbers for certain entities and antenna structures that require registration. No FRNs or ASRs were held by Miguel A. Merced-Torres nor MAM.

WhatsApp was a mobile application embedded with end-to-end encryption software which allowed users privately to talk and share text messages, photos, videos, and documents. Communications sent via WhatsApp are routed through its servers in Menlo Park, California.

From in or about July 2021 through in or about December 2022, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant, Miguel A. Merced-Torres, through MAM, devised a scheme to defraud investors of money and property by means of materially false and fraudulent pretenses, representations, and promises, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. Specifically, Miguel A. Merced-Torres falsely represented to prospective investors that: (1) for a fee, MAM would broker the issuance of state, federal, and administrative permits for a lifetime license from the FCC permitting the construction of cellular towers on investors' properties, and (2) investors would receive payments for permitting the construction of cellular towers on their property.

In furtherance of the scheme to defraud:

    a. Between in or about July 2021 and in or about December 2022, Miguel A. Merced-Torres knowingly and falsely represented to prospective investors that the FCC was destributing cellular tower licenses which he

held and would transfer for a fee, after which point the investors would purportedly receive a profit ranging from $5,000 to $40,000 per month.

b. Miguel A. Merced-Torres, acting through MAM, would in many instances memorialize the terms of his agreement with investors in a "written contract" prepared by Individual A.

c. Miguel A. Merced-Torres, acting through MAM, utilized ASRs belonging to others to legitimize his solitication.

d. Miguel A. Merced-Torres, acting through MAM, solicited and received investor and property owner's personal identification information.

e. Miguel A. Merced-Torres communicated with investors and Individual A via WhatsApp.

f. Miguel A. Merced-Torres solicited and received investor payments which were deposited in MAM's FirstBank account ending in XXXX5313.

g. Miguel A. Merced-Torres transferred money from MAM's FirstBank account ending in XXXX5313 to his personal FirstBank account ending in XXXXXXX.

h. Miguel A. Merced-Torres did not construct any cellular towers.

i. Between in or about July 2021 and December 13, 2022, Miguel A. Merced-Torres, through MAM, received total of approximately $194,786.46 from investors CJR, MR, JRR, and WSD for Miguel A. Merced-Torres's fraudulent cellular tower investiment project.

j.  In or about 2022, Miguel A. Merced-Torres attempted to obtain an investment of approximately $55,438.35 from prospective investor LGD, which LGD ultimately declined to make.

k.  From in or about 2021 through in or about December 2022, Miguel A. Merced-Torres omitted informing investors and prospective investors that the FCC does not issue licenses to construct, manage, or maintain cellular towers, and also omitted informing investors and prospective investors that he never intended to use the money entrusted to him as he had represented he would.

On or about July 27, 2021, in the District of Puerto Rico and elsewhere, MIGUEL A. MERCED-TORRES and MAM Construction Inc., for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the writings, signals and sounds including a PDF of a draft contract for an investor whose initials are MRR that Miguel A. Merced-Torres received from Individual A. via WhatsApp.

U.S. v. MAM CONSTRUCTION, INC.

At trial the government would have presented the testimony of law and law enforcement witnesses, WhatsApp text and voice recordings, and physical and documentary evidence to prove beyond a reasonable doubt that MAM Construction, Inc. is guilty as charged in Count One of the Indictment.


Seth     A.     Erbe
Assistant United States Attorney
Date: 10/11/24

Leonardo Aldridge, Esq.
Attorney for Defendant
Date: 10/16/2024

MAM Construction, Inc.  by Miguel Maund
Defendant                      President
Date: 10/16/2024